M’Girk, C. J.,
delivered the opinion of the Court.
This was an action of debt, brought by MjjCIonticks against defendants, on a bond' for the payment of a sum of money. The MecIfj-^igi^Jtr^yl^pnlthis bond, and oyer is craved and given. The bond is in thexawords, to wit: “Ajfé, the Commissioners for the sale of lots in the town of Pincknfcjy^fcsuaiSSTO pay, or cause to be paid, to Thomas and Robert McClenticks, or their assigns, on or before the first day of March next, the sum of thirteen hundred and twenty dollars, which we owe to them for building a Jail in-the-town of Pinckney. Witness our hands and seals, &c.. Signed, DAVID BRYANT, ANDREW FOURT, MOSES SUMMERS-.”
The defendants plead-, first, non est factum ; secondly, fraud generally j. and thirdly, a special plea in bar. On the first and second pleas issues were joined,.and they remain yet undisposed of. The special plea in bar set out, that the-said defendants were, by the- act establishing the county of Montgomery, appointed; Commissioners of the Court House and Jail for the said county, and states, that, by said act, they had full power to point out and fix upon the most suitable-place thereon to erect a Court House and Jail; and that the place so settled should be-the permanent seat of justice for said' county. That the said Commissioners were- authorized by said act to purchase, or receive a donation of land to them, for the use of the county,, for a county seat of justice; that they were authorized to lay off said-land. intoJots, and. sell said lots for ready money, or on a credit of- not exceeding twelve months, as they should deem properand. that they should apply the proceeds first to the building of a suificient Jail, and the remainder, if. any, to build a Court House. That they did buy a tract of land, laid it off into lots, and sold the same on credit;, that they, in pursuance ofsakhaet, let the. building of a-Jail to the lowest bidder;. and that plaintiffs were the lowest bidders, and that they gave their obligation to build said Jail ;■ and that the said-defendants, for building-said Jail, gave their obligation sued on, and for no other purpose or consideration whatever ;• and that they gave-said bill single obligatory for and on behalf of said county, in their public capacity, as Commissioners as aforesaid, and not otherwise. It- is, also alledged, that they had not at any time since the-said contract was made, nor before, any of the money arising from the sale of said lots to. pay said demand. There are several *428 pleas of like nature, all the substance of which is condensed within statement above. To these pleas there are replications, all oí which are demurred to by the defendants ; the demurrers were sustained, and judgment for defendants; to reverse which, the cause is brought here. The sustaining these demurrers is complained of as error. These replications are clearly bad; but then it behooves the defendants to have good pleas, otherwise they cannot have judgment. The whole question then is thrown back on the nature of this instrument of writing sued on, whether it was lawfully given by public agents acting in pursuance of their authority. Public agents may bind themselves, if they think fit to do so, and do it by using apt words to that effect. They may bind themselves, if they make a contract beyond their authority. This Court is unanimous on the point, that the defendants are liable, and on this plain ground, that the Commissioners had no power, as Commissioners, to hind the county, and that the county is not, nor can be by the Commissioners, hound to pay said debt. The fourth section of said act provides, that the land acquired shall be by the Commissioners laid off into lots; that they shall, under the direction of the Commissioners, he sold for ready money, or on a credit not to exceed twelve months; and that, when the purchase money is paid, and not before, the Commissioners shall make title to the purchaser, and the proceeds of such sale shall be then applied, after paying for the land, first to the building of a Jail, and then, if any surplus, to the building of a Court House. The true and apparent construction of this act is, that the Commissioners are not required to let out the building a Jail, till they have received the money for the lots, because, before that time, there can be no proceeds. If we take it, then, that the Commissioners obeyed- the act, they had the money when they let the Jail; and if they had it not, they ought to have had it, and builders had a clear right to expect the fact was so, for so was the law; and if they had it not, it was their own folly to make a premature contract; and the Jaw no where authorizes them to pledge the faith of the county. Their funds were limited and special, and their authority to build founded on the fact of proceeds being in their hands in amount sufficient to build a Jail. It is, therefore, clear, that the defendants have made the contract their own. They have made it their own, because they have exceeded their authority; and secondly, because they have used apt words to hind themselves. The case of Hudson v. Dexter, 1 Crunch, 345, has been cited and relied on as most strong to prove the defendants are not liable. In that case the question was, whether Dexter or the Government was liable ; and the Court held the Government was liable and not Dexter, and the great leading rule is, that if the defendant is not liable the government is. Now, in this ease, there can he no pretence that the county is liable. Dexter was warranted by law, and the exigency growing out of the operation of the law, to rent a house when he did so. But here, there was no such exigency. They were not required to proceed with the Jail at all, till they were in possession of the funds, and having done so, they made the contract entirely their own, if they have used apt words to create a contract. That the words are apt, to -create a contract, there can he no doubt. The words are, that “ we, the Commissioners for the Court House and Jail of Pinckney, promise to pay, &c., which sum we owe to them for building a Jail.” They say they owe for building a Jail; here is a clear contract to pay. The words are apt to charge them as Commissioners, if they had power in that capacity to deal in credit; hut we have shown they eould not in that capacity deal in credit, and having done so, they bound their own credit, and none else. The word Commissioners,■ here, makes no; *429 difference. It is true, it shows clearly who they were who made the contract, but it does not alter or enlarge their power; and the word has no more effect in this case than the word gentleman would, if it had been used.
Upon this view of the case, the judgment is reversed, and the cause remanded for the trial of the issue yet undisposed of.